UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID COX,

    Plaintiff,

    v.

FCA US LLC,

    Defendant.

Case No. 20-cv-03808-WHO

**ORDER RE MOTION TO REMAND**

Re: Dkt. No. 13

Plaintiff David Cox seeks to remand this case to state court, asserting that defendant FCA US LLC ("FCA") has not satisfied the jurisdictional requirements of 28 U.S.C. § 1332. In opposition, Cox did not reply. FCA provided satisfactory evidence to meet its burden that the amount in controversy exceeds $75,000. I DENY Cox's motion.[1]

## BACKGROUND

Cox filed this action in San Mateo Superior Court on May 7, 2020. Dkt. No. 1-2 ("Compl."). He asserts three causes of action pursuant to California law: breach of implied warranty of merchantability under the Song-Beverly Warranty Act ("Song-Beverly"), breach of express warranty under Song-Beverly, and fraudulent inducement – concealment. *Id.* Cox's "lemon law" claims relate to defects in a new 2013 Jeep Wrangler that he purchased in March of 2013. *Id.* ¶¶ 4-5.

FCA removed the case on June 10, 2020, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). Dkt. No. 1. On July 20, 2020, Cox moved to remand the case to state court, asserting that the amount in controversy requirement of 28 U.S.C. § 1332 was not satisfied. Dkt. No. 13 ("Mot."). FCA opposed on August 3, 2020. Dkt. No. 16

---

[1] This matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing set for August 26, 2020 is VACATED.

("Oppo."). Cox did not file a reply.

## LEGAL STANDARD

A defendant may remove an action from state to federal court by filing a notice of removal that lays out the grounds for removal. 28 U.S.C. § 1446(a). The district court must remand the case to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A federal court has jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000, exclusive of interest and costs, and if there is diversity of citizenship. 28 U.S.C. § 1332(a).

The Ninth Circuit applies "the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 686 (9th Cir. 2006). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Where the complaint is unclear or ambiguous on its face, the party challenging remand must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

## DISCUSSION

The parties do not dispute that there is complete diversity in this matter. *See* Oppo. 2-3. Rather, they disagree as to whether the amount in controversy exceeds $75,000.

The Complaint states that "[t]he amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs . . . together with equitable relief." Compl. ¶ 13. "In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." *Id.* In his Prayer for Relief, Cox requests a civil penalty as provided by Song-Beverly, in an amount not to exceed two times the amount of actual damages. *Id.* at 26. He also seeks punitive damages and attorneys' fees, among other damages. *Id.* In its Notice of Removal, FCA stated that Cox's requested damages exceeded $75,000 based on this allegation and the civil penalty of at least $50,002. *See* Dkt. No. 1 at 5.

2

In his motion to remand, Cox asserts that the potential recovery amounts relied upon by FCA are too speculative to meet the amount-in-controversy requirement. Mot. 6. He argues that Song-Beverly provides that the *maximum* civil penalty is two times actual damages and that the amount of actual damages is too speculative to establish that the amount in controversy is over $75,000. *Id.*

Cox is correct that the Complaint does not clearly provide an amount in controversy that exceeds $75,000. The Complaint states merely that the amount in controversy exceeds $25,000 "exclusive of interest and costs." Although the prayer for relief lists various requests for damages, it is not clear whether Cox's amount-in-controversy allegation includes these other damages, such as civil penalties or punitive damages. Numerous courts have found similar allegations to be ambiguous. *See Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3-4 (N.D. Cal. June 18, 2020); *Steeg v. Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020); *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020).

Therefore, I address whether FCA has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. I conclude that it has. FCA provided evidence that Cox's vehicle had a dealer invoice price of $33,976.00.[2] Oppo. 2; Dkt. No. 16-3. It asserts that there was a mileage offset of $3,397.60 and thus "after the offset, the alleged repurchase amount is *at least* $30,578.40." Oppo. 8 (emphasis in original). Adding the civil penalties to this amount results in $91,735.20 in controversy. *Id.* This amount does not include attorneys' fees or punitive damages, which FCA asserts would further increase the amount in controversy. *Id.* FCA also provided a declaration of its attorney, Michael Sachs, who states he has tried three Song-Beverly cases on behalf of FCA in which the plaintiff sought fees in excess of $150,000. Dkt. No. 16-1 ¶ 10. Cox did not file a reply and has not challenged the truth of these assertions.

Because FCA has provided unrebutted evidence that the alleged repurchase amount is at least $30,578.20, it has established that the amount in controversy exceeds $75,000. *See*

---

[2] The Complaint includes a Vehicle Identification Number ("VIN"), Compl. ¶ 4, which matches the VIN in the Vehicle Information Detail Report submitted by FCA.

*Schneider*, 441 F. Supp. 3d at 915 (granting motion to remand where, after performing above calculation based upon purchase price of vehicle and mileage offset, amount in controversy was less than $75,000); *Neville v. W. Recreational Vehicles, Inc.*, No. C-07-3757MMC, 2007 WL 4197414, at *2 (N.D. Cal. Nov. 21, 2007) (denying motion to remand where purchase price of the vehicle was $34,438.00); *see also Verastegui v. Ford Motor Co.*, No. 19-CV-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020) (recognizing split in authority regarding whether maximum civil penalty should be considered as part of the amount in controversy and stating that "the Court is persuaded by the decisions in which courts have considered the maximum recoverable civil penalties because that is what Plaintiff put in controversy"). In addition, Cox seeks punitive damages and attorneys' fees, which may be considered in the amount in controversy. *See id.* at *3-4 (punitive damages and attorneys' fees may be included in amount in controversy). Thus, jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## CONCLUSION

For the above reasons, Cox's Motion is DENIED.

**IT IS SO ORDERED.** Dated:

August 24, 2020

William H. Orrick
United States District Judge