UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COX,<br><br>          Plaintiff,<br><br>     v.<br><br>FCA US LLC,<br><br>          Defendant. | Case No. 3:20-cv-03808-WHO<br><br>**ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 49 |

Plaintiff David Cox moves for attorney's fees and costs after his Song-Beverly Consumer Warranty Act case settled. Defendant FCA US LLC ("FCA") argues that Cox should be awarded less than the full amount he seeks. For the reasons that follow, the motion is granted and Cox is awarded the full amount he seeks with one minor deduction.

## BACKGROUND

Cox filed this suit in California state court and FCA removed it to this Court in June 2020. *See* Dkt. No. 1. As relevant here, Cox alleged that FCA violated the Song-Beverly Act by knowingly selling him a vehicle with defects that violated its warranties. *See generally* Dkt. No. 1-2 (complaint). Cox moved to remand the case and I denied the motion in August 2020. Dkt. No. 21. The parties entered discovery. Soon before the pretrial conference, after two mediations, the parties settled for $19,000. *See* Dkt. No. 52 (sworn declaration). Cox now seeks an award of attorney's fees and costs under the Song-Beverly Act. *See* Motion for Attorney's Fees ("Mot.") [Dkt. No. 49].

## DISCUSSION

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

Under the Song-Beverly Act, a buyer that "prevails . . . shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). The parties agree that the settlement in this action likewise provided that Cox could recover reasonable fees and costs under the statute. *See* Mot 5; Opposition to the Mot. ("Oppo.") [Dkt. No. 51] 3. Consequently, they agree that Cox is entitled to Song-Beverly fees and costs; they disagree only about how much. Mot. 5; Oppo. 3.

Here, state law also controls the method of calculating fees. *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Under the Song-Beverly Act, Cox has the burden of showing that the fees "were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994) (internal quotation marks and citation omitted). Though the California Supreme Court has not spoken to the method for Song-Beverly attorney's fees specifically, it has indicated that the "lodestar adjustment method" is the presumptive way to calculate statutory attorney's fees and the California Court of Appeal and federal district courts have employed that method in Song-Beverly cases. *See Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 818 (2006); *Arias v. Ford Motor Co.*, No. EDCV181928PSGSPX, 2020 WL 1940843, at *2 (C.D. Cal. Jan. 27, 2020) (collecting citations).

To calculate fees, the court first determines the lodestar: a "careful compilation of the time spent and reasonable hourly compensation of each attorney involved in the presentation of the case." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001) (internal quotation marks, citation, and alteration omitted). Then, the court "may" adjust the lodestar based on factors like "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id.* at 1132.

Cox argues that he is entitled to the full $47,155 billed during this case in fees and $3,171.66 in costs. Mot. 5; *see also* Dkt. Nos. 49-5 (time keeping records), 50 (bill of costs).

FCA responds that Cox's attorneys' hourly rates were too high and that he is entitled to, at the most, $35,177.50 in fees. Oppo. 1–2. Cox does not dispute that the costs are correct.

Four attorneys billed time. David Barry had an hourly rate of $525, Elizabeth Quinn had an hourly rate of $450, and Carrie Shumake and Logan Pascal had hourly rates of $250.[1] Barry, a partner, has practiced law for 21 years, specializing in consumer protection law for most of them, and represents that he has extensive experience in "lemon law cases." Dkt. No. 49-2 ¶ 12. Quinn, a senior associate, has also practiced law for roughly 20 years and has handled hundreds of cases. Dkt. No. 49-10 ¶¶ 8–11. Shumake, an associate, has practiced law since 2018 and worked as a paralegal before that; she has managed dozens of cases. Dkt. No. 49-8 ¶¶ 3–6. Pascal, an associate, has practiced law since 2019 and does not discuss past cases managed. Dkt. No. 49-9 ¶¶ 3–4.

Each of these billing rates are reasonable given the prevailing rates in this district for attorneys of similar experience. Courts in this district have found rates in this range reasonable for similarly situated attorneys in Song-Beverly cases *See, e.g.*, *Base v. FCA US LLC*, No. 17-CV-01532-JCS, 2020 WL 363006, at *3 (N.D. Cal. Jan. 22, 2020) (collecting cases and finding rates of $490 for partners and $250 to $385 for associates reasonable). These rates are also within the range identified in the Consumer Law Fee Survey Report. *See* Dkt. No. 49-5 at 79 (approximately $500 for attorneys with 16 to 20 years and ranges from $225 to $273 for attorneys with one to five years). Courts have found comparable rates from *these* attorneys reasonable. *See, e.g.*, Dkt. Nos. 49-2 ¶¶ 20–99 (Barry), 49-10 ¶¶ 12–45 (Quinn), 49-8 ¶¶ 7–17 (Shumake), 49-9 ¶¶ 6–23 (Pascal). FCA points out that some other courts have found these rates (though not for these attorneys) unreasonable in cases brought under the Song-Beverly Act. Oppo. 4. But the reasonableness of a fee is a range and nothing in these decisions compels the conclusion that all of the other cases cited erred or that the empirical study cited is inaccurate. FCA's cases, too, are from other judicial districts, but the relevant market is usually considered to be the district in which the court sits.

---

[1] Cox at one point references an attorney named Troy Candiotti but the motion does not provide any information about him or his work, or otherwise reference him, and he has submitted no declaration. *See* Mot. 12.

3

1   *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

2       I turn to the hours worked. Cox's counsel provided their billing records. *See* Dkt. No. 49-
3   5. Barry worked 41.2 hours, Quinn worked 37 hours, Shumake worked 0.5 hours, and Pascal
4   worked 10.8 hours. Mot. 12. Each billing entry reflects that it is either for (1) pre-suit work such
5   as contacting the opposing party and corresponding with the client, (2) drafting the initial
6   pleadings, (3) briefing and argument on the motion to remand, (4) correspondence with opposing
7   counsel, (5) discovery, (6) preparation for mediation, (7) case management conferences, (8)
8   mediation, (9) work surrounding the settlement, and (10) this motion. *Id.* Discovery appears to
9   have taken the lion's share of the work, which Cox blames largely on FCA's decision to remove
10  the case to federal court. *See* Mot. 3. This litigation also lasted nearly two years. FCA has
11  produced no evidence or argument that any of the billing entries are duplicative, unnecessary, or
12  "padding," so I see no basis to discount any of them. *Cf. Premier Med. Mgmt. Sys., Inc. v.*
13  *California Ins. Guarantee Assn.*, 163 Cal. App. 4th 550, 562 (2008) ("Appellants have presented
14  no evidence to refute the declarations by counsel for respondents" and "absent evidence that fee
15  award was based on unnecessary or duplicative work, the award will be affirmed.") (citations
16  omitted).

17      FCA only makes specific objections to two billing entry types. First, it argues in two
18  sentences that 12.5 hours spent on the motion to remand is excessive. Oppo. 7. I disagree. All of
19  the individual entries are standard and that project included drafting a motion to remand, reading
20  the opposition, drafting a reply brief, and drafting a motion to reconsider, which means that only
21  several hours were spent on each on average. Next, FCA argues that five hours spent on reading
22  an opposition, drafting a reply, and preparing for a hearing by a senior partner is unreasonable.
23  Oppo. 7. I again disagree, all are within a range of reasonableness for a standard attorney fee
24  motion.

25      I will, however, remove one hour from the lodestar. Barry billed one hour for attending
26  the hearing on this motion. But I vacated that hearing before it occurred, so it was not actually
27  expended. That hour was billed at $525, so a lodestar of $46,630 is appropriate.

28      I also see no reason to vary the lodestar downward, as FCA urges. Primarily, the number

4

of hours worked is reasonable given that this case lingered for two years and settled only on the eve of trial. As noted, FCA makes no attempt to parse the hours to show why any particular entry is inflated, other than the two examples above. And as explained, I have reviewed the billing entries and nothing appears to be obvious padding. I recognize that this case presented no novel or complex legal issues and the only motions practice required was a straightforward motion to remand. *See Ketchum*, 24 Cal. 4th at 1132 (discussing these factors, among others). But that the case took as much effort as it did is due in significant part to FCA's litigation strategy. FCA removed the case from state court, as is its right. But while that removal may have come with tactical advantages for FCA, the natural result was a federal process relatively more intensive and drawn out than its state-court counterpart. The largest time entries on the billing records were for the motion to remand, the FRCP 26 conference, the initial disclosures, sending and receiving discovery responses, depositions, and mediations. *See* Dkt. No. 49-5. Even though FCA ultimately agreed to accept liability and name Cox as the prevailing party, it did not replace or repurchase the vehicle during two years of litigation. *See* Cal. Civ. Code § 1793.2(d). Finally, Cox's counsel accepted the case on a contingency basis, further indicating that the lodestar should not be varied downward. *See Ketchum*, 24 Cal. 4th at 1132.

In short, Cox has adequately shown that the actual rates and hours of his attorneys were reasonable (except the one hour) and FCA has not produced countervailing evidence.

## CONCLUSION

The motion for attorney's fees and costs is GRANTED. Cox is AWARDED $46,630 in fees and $3,171.66 in costs, for a total of $49,801.66.

**IT IS SO ORDERED.**

Dated: February 2, 2022

William H. Orrick
United States District Judge